By the Court.
The defendant in error, Stavros Ianakis, was seriously injured while in the employ of The McKeesport Steel Construction Company, which company was then engaged in certain construction work upon the plant of The Brier Hill Steel Company while the latter company continued to operate its plant. He commenced his action in the court of common pleas of Mahoning county against both companies, alleging in substance that *301 while going to the platform on which he and others stood while painting the roof, in which work he was engaged as an employe of The McKeesport Steel Construction Company, it was necessary to go on the crane track in the building where said work was being done; that while on said crane track the crane started toward him, and in order to prevent being run down he stepped over onto another crane track in another building, where a second crane ran, and that he was there run down by that crane and injured so that his left leg was necessarily amputated. He charged that The McKeesport Steel Construction Company was negligent in failing to furnish him a reasonably safe'way to go to and from his work and also in failing to instruct him as to dangers ; that The Brier Hill Steel Company was negligent in permitting the operation of the crane without giving warning; failure of the operator to observe the position of Ianakis and to keep a proper lookout, and also failure to adopt reasonable rules for the operation of said cranes.
Upon .issue of negligence of defendants and contributory negligence of plaintiff being made by appropriate pleadings, the case went to trial, which resulted in a verdict for Ianakis against both defendants. A motion by The McKeesport Steel Construction Company for a new trial was sustained and later the case against it was dismissed. The Brier Hill Steel Company did not file a motion for a new trial, but filed a motion for judgment non obstante veredicto, contending that the special findings of fact rendered by the jury are inconsistent with the general verdict and that the former con *302 trolled and required judgment in its favor. This motion- was overruled and judgment rendered against The Brier Hill Steel Company, which was affirmed by the court of appeals, and to this judgment of affirmance error is now prosecuted.
The jury, in addition to its general verdict, returned its answers to interrogatories submitted, only three of which need now be stated. The first two were submitted upon the request of The McKeesport Steel Construction Company and the last on the request of the plaintiff in error. These interrogatories, with answers returned by the jury, are as follows:
“Was the negligence either of one or both of the' cranemen the sole proximate cause of the plaintiff’s accident and injuries ?” “No.”
“Did the plaintiff after climbing the column and coming up between the rails of the two crane tracks, probably throw his left leg across the old crane tracks, and remain sitting or resting there in that position before the accident and until he was injured by the old crane?” “No.”
“Was the plaintiff negligent in any degree directly and proximately contributing to his accident and injuries?” “Yes.”
The first interrogatory need not be considered, because the answer thereto is clearly consistent with the general verdict, the jury having found that the injury to Ianakis resulted proximately from the negligence of both defendants.
In requesting a submission of the interrogatory last above stated to the jury, counsel for plaintiff in error asked the court to instruct the jury, if they *303 rendered a general verdict, “specially to find upon the following question of fact.” This interrogatory was submitted in pursuance of Section 11463, General Code, which provides:
“When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon.”
This interrogatory does not call for a special finding upon a particular question of fact as contemplated by such statutory provision, but rather for a combined finding of fact and conclusion of law, which conclusion may or may not be drawn from findings of particular facts returned by the jury, and therefore should not have been submitted by the trial court. Such instruction and finding as are contemplated by the statute authorizing the submission of interrogatories, are well illustrated by the second interrogatory above stated and its answer. An affirmative answer thereto would undoubtedly have been controlling and would have required a judgment for plaintiff in error. The answer given, not constituting a special finding upon a particular question of fact, was properly disregarded by the trial court, and consequently the action of the court of appeals, affirming the judgment of the court of common pleas entered upon the general verdict, is affirmed.

Judgment affirmed.

Nichols, C. J., Johnson, Wanamaker, Newman and Matthias, JJ., concur-